BANK OF PINEHURST v. L. L. GARDNER AND PERCY L. GARDNER.

(Filed 11 December, 1940.)

**1. Execution § 19—**

Where after sale of property under execution the judgment creditor posts an advance bid within ten days and resale is ordered, and no notice of the resale is given the judgment debtor or the purchaser at the first sale, the judgment debtor is entitled to an order for a resale of the property upon his motion aptly made, the requirement of notice to the judgment debtor of sale of his property under execution being applicable to resales as well as to first sales. C. S., 688, 689, as amended by Public Laws of 1927, ch. 255.

**2. Same—**

Dissolution of restraining order restraining the judgment creditor from interfering with the property bought by the judgment creditor at the execution sale does not preclude the judgment debtor from thereafter making motion in the cause for a resale for want of statutory notice of the sale at which the judgment creditor purchased.

APPEAL by plaintiff from *Clement, J.,* at May Term, 1940, of MOORE. Affirmed.

Motion of defendant P. L. Gardner for resale of real property under execution was allowed, and plaintiff appealed.

*W. A. Leland McKeithen for plaintiff, appellant.*
*Seawell & Seawell for defendants, appellees.*

DEVIN, J.   The procedural question presented by this appeal arose upon the following facts:

Plaintiff bank obtained a money judgment against the defendants. Execution issued and the homestead of defendant P. L. Gardner was laid off. The sheriff advertised and sold the excess and the property was bid off by counsel for Ruth W. Gardner for fifty dollars. Within ten days thereafter the plaintiff, the judgment creditor, posted advance bid, and resale was ordered. No notice of second sale was given defendant P. L. Gardner, the judgment debtor, or to Ruth W. Gardner. After advertisement the property was sold by the sheriff and bid off by plaintiff for fifty-five dollars, and sheriff's deed executed to plaintiff. At the instance of defendant restraining order issued restraining plaintiff from interfering with the property. This was later dissolved. As plaintiff claimed damages in the sum of $500.00 on account of issuance of the restraining order, it would seem that the property was worth much more than the amount bid.

Defendant P. L. Gardner then moved before Judge Clement for a resale of the property under execution, on the ground that the judgment debtor, P. L. Gardner, had received no notice of sale, as required by C. S., 689. This motion was allowed and resale ordered. Plaintiff appealed.

These facts reveal the propriety of the action of the court below in ordering a resale of the property. *Register Co. v. Holton,* 200 N. C., 478, 157 S. E., 433; *Weir v. Weir,* 196 N. C., 268, 145 S. E., 281. An examination of sections 688 and 689 of the Consolidated Statutes, as amended by Public Laws 1927, ch. 255, makes it apparent that the requirement of notice to the judgment debtor whose real property is about to be sold applies to resales of the property as well as to first sales. C. S., 688, as originally codified specifically refers to resales and prescribes the manner of advertisement, and C. S., 689, requires that "in addition to the advertisement above required, the sheriff shall in every case" give notice to the defendant in the manner therein prescribed. This provision of the statute was not observed in the instant case, and the property was bid off by the plaintiff, the judgment creditor, for fifty-five dollars.   *Williams v. Dunn,* 158 N. C., 399, 74 S. E., 99.

In *Williams v. Dunn,* 163 N. C., 206, 79 S. E., 512, *Walker, J.,* thus states the law: "The law requires a sheriff to advertise a sale under

execution and to serve a copy of the advertisement upon the defendant ten days before the sale. Revisal, secs. 641, 642 (now C. S., 688, 689). A failure to comply with this provision of the statute, which is directory, will not render the sale void as against a stranger without notice of the irregularity, nor can it be assailed collaterally, but in such a case the defendant may, on motion, or by direct proceeding, have the sale vacated." Defendant was not precluded by reason of the dissolution of the restraining order from entering motion in the cause for a resale of the property on account of the irregularity noted.

The judgment of the court below is

Affirmed.