UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

RCDI CONSTRUCTION, INCORPORATED;
RCDI CONSTRUCTION MANAGEMENT,
INCORPORATED,

       *Plaintiffs-Appellants,*

v.

SPACE/ARCHITECTURE PLANNING &
INTERIORS, P.A.; G. CARROLL
HUGHES,

       *Defendants-Appellees.*

No. 01-1676

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-00-177-1-T)

Argued: December 3, 2001

Decided: January 15, 2002

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Martin Karl Reidinger, ADAMS, HENDON, CARSON, CROW & SAENGER, P.A., Asheville, North Carolina, for Appellants. Frederick S. Barbour, MCGUIRE, WOOD & BISSETTE, P.A., Asheville, North Carolina, for Appellees. **ON BRIEF:** George Ward

Hendon, ADAMS, HENDON, CARSON, CROW & SAENGER, P.A., Asheville, North Carolina; Thomas E. Crafton, ALBER CRAFTON, P.L.L.C., Louisville, Kentucky, for Appellants. Heather Whitaker Goldstein, MCGUIRE, WOOD & BISSETTE, P.A., Asheville, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

RCDI Construction, Inc. and RCDI Construction Management, Inc. (collectively, "RCDI") challenge the order of the district court entering summary judgment against them on their claims for tortious interference with contract and prospective advantage, unfair competition, and negligence. Finding no error, we affirm.

### I.

In November 1995, Dr. Anjil Patel entered into a contract with RCDI Construction Management, Inc., a contractor licensed and incorporated only in West Virginia, in which the company agreed to serve as general contractor for a hotel construction project owned by Dr. Patel in North Carolina. In 1996, before construction under the contract had begun, RCDI Construction Management assigned the construction contract to its wholly owned subsidiary, RCDI Construction, Inc. Although the subsidiary was neither incorporated in West Virginia nor licensed as a general contractor in North Carolina when RCDI Construction Management and Dr. Patel entered into the contract, it was a licensed general contractor in North Carolina at the time of the assignment and throughout the time that it acted as general contractor pursuant to the assignment.

In July 1997, when the hotel was near completion, a "catastrophic discharge of water" occurred and caused substantial damage to the

hotel project. Dr. Patel first requested that a contractor unaffiliated with RCDI inspect the hotel for damage. On this contractor's recommendation, Dr. Patel then contracted in August 1997 with Spaceplan/Architecture Planning & Interiors to "evaluat[e] the existing conditions of the property and recommend[ ] corrections, if appropriate." After inspecting the hotel, Spaceplan recommended that the building be substantially gutted and renovated to cure the water damage and that RCDI be terminated as contractor. Based on Spaceplan's recommendation, Dr. Patel immediately barred RCDI from entering the hotel construction site to perform further construction or repairs and ultimately terminated his contract with RCDI.

In March 1998, RCDI sued Dr. Patel and his company, Rocky Ridge Hospitality Corp., asserting various claims, including breach of contract. After Dr. Patel and Rocky Ridge counterclaimed against RCDI alleging that construction defects caused the hotel damage, RCDI filed a third-party complaint against various subcontractors and insurers. All parties in the litigation reached a settlement whereby RCDI agreed to pay Dr. Patel $6,700,000 for repair costs and forego recovery of $421,000 due RCDI under the contract. Spaceplan was neither a party to this litigation nor named as a party released from all claims in the settlement agreement.

RCDI then commenced the current action against Spaceplan and its director, G. Carroll Hughes (collectively, "Spaceplan"), for tortious interference with contract, unfair competition, and negligence. The tortious interference and unfair competition claims were premised on Spaceplan's recommendation to Dr. Patel to bar RCDI from the construction site and to terminate the contract with RCDI. The negligence claim was based on allegations that Spaceplan failed to take steps to remedy the water damage for several months, fostering mold infestation and biological contamination at the hotel.

## II.

Spaceplan moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The district court granted the motions. *RCDI Constr., Inc. v. Spaceplan/Architecture Planning & Interiors*, 148 F. Supp. 2d 607 (W.D.N.C. 2001). The court rejected the tortious interference with

contract claim, reasoning that there was no valid contract because RCDI Construction Management was not a licensed contractor when it entered the contract, as required by North Carolina law; and this defect was not cured by the licensing of its subsidiary and assignee, RCDI Construction, before construction commenced. *Id.* at 612-14. The court ruled that RCDI's right to seek a setoff defensively in a claim brought by Dr. Patel conferred no right to sue third parties for tortious interference, noting that recovery on a tortious interference claim effectively would allow unlicensed contractors to circumvent the rule prohibiting them from enforcing contracts that are both illegal and invalid as against public policy. *Id.* at 613-14 (citing cases). The district court rejected RCDI's tortious interference with prospective advantage claim on similar grounds. *Id.*

The court then dismissed RCDI's unfair competition claim on the grounds that Spaceplan was a member of a "learned profession" exempt from North Carolina's unfair competition statute, N.C. Gen. Stat. § 75-1.1 (1999). *Id.* at 617-20. The court held that Spaceplan, as architect, was entitled to the exemption as a matter of law because it was engaged in the "practice of architecture," as defined by statute, in making recommendations to Dr. Patel and soliciting his future business. *Id.* at 619-20 (quoting N.C. Gen. Stat. § 83A-1(7) (1999)). As to the negligence claim, the district court concluded that Spaceplan owed no duty of care to RCDI, a necessary element of any negligence claim. *Id.* at 620-22.

RCDI appeals, contending that the district court erred in all respects. Having had the benefit of oral argument and having carefully considered the parties' briefs, the record, and relevant legal authority, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court.

*AFFIRMED*