BRYANT, Judge.
Where plaintiff has not alleged a common law claim for wrongful discharge, we affirm the trial court's grant of defendant's Rule 12(b)(6) motion.
On 10 January 2014, plaintiff Lisa Green-Hayes filed a complaint against defendant Handcrafted Homes, LLC. In her complaint, plaintiff alleged that while serving as an employee of defendant, plaintiff was subjected to "discriminatory employment practices" and "discriminatory treatment of women and [A]frican-[A]mericans in the work place." Plaintiff alleged that after complaining of workplace discrimination to defendant's plant manager, defendant wrongfully terminated plaintiff "in violation of the public policy of the State of North Carolina."
On 20 February, defendant filed a motion to dismiss. After a hearing on 14 April, the trial court, by order entered 24 April, granted defendant's motion to dismiss pursuant to Rule 12(b)(6). Plaintiff appeals.
In her sole issue on appeal, plaintiff contends the trial court erred in granting defendant's motion to dismiss. We disagree.
A "motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint." Stanback v. Stanback,297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citation omitted), abrogated on other grounds by Dickens v. Puryear,302 N.C. 437, 276 S.E.2d 325 (1981). "In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." Id.(citation omitted). In general, "a complaint should not be dismissed for insufficiency unless it appears to a certainty that [the] plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." Id.(citation omitted). "This Court must conduct a de novoreview of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." Leary v. N .C. Forest Prods., Inc.,157 N.C.App. 396, 400, 580 S.E.2d 1, 4 (2003). "To establish a prima faciecase of retaliation, it must be shown that (1) the plaintiff engaged in a protected activity, (2) the employer took adverse action, and (3) there existed a causal connection between the protected activity and the adverse action." Brewer v. Cabarrus Plastics, Inc.,130 N.C.App. 681, 690, 504 S.E.2d 580, 586 (1998) (citation omitted).
Plaintiff argues that the trial court erred in granting defendant's motion to dismiss on grounds that "[p]laintiff's allegations of wrongful discharge in retaliation for engaging in the activity of complaining of acts of discrimination do not state a common law claim recognized by North Carolina's appellate courts." Plaintiff cites Bigelow v. Town of Chapel Hill,---N.C.App. ----, 745 S.E.2d 316, review denied and stay dissolved,367 N.C. 223, 747 S.E.2d 543 (2013), and Brewer,130 N.C.App. 681, 504 S.E.2d 580, in support of her argument that a common law cause of action for retaliatory discharge exists based on allegations that an employee was terminated in retaliation for complaining about discrimination of others in the workplace. However, plaintiff's reliance is misplaced as these cases have distinct, and indeed dispositive, facts that are not present in the instant case.
In Bigelow,the defendants, the Town of Chapel Hill and Chapel Hill town manager Roger Stancil, terminated the employment of the plaintiffs, both of whom served as sanitation workers for the defendants. Bigelow,---N.C.App. at ----, 754 S.E.2d at 318. The plaintiffs sued the defendants for wrongful discharge, alleging that their discharge was the result of racial discrimination, for reporting unsafe working conditions, for engaging in union activities, and for filing discrimination grievances against the defendants. Id.at ----, 754 S.E.2d at 318-19. Plaintiff Bigelow also initiated a claim for wrongful discharge against the defendants with the Equal Employment Opportunity Commission ("EEOC"). Id.at ----, 754 S.E.2d at 320. The trial court granted the defendants' Rule 12(c) motion to dismiss. Id.at ----, 754 S.E.2d at 319. This Court affirmed the dismissal as to the defendant Stancil, but vacated and remanded in part as to the defendant Town of Chapel Hill, holding that the plaintiffs had stated a claim for wrongful discharge against the defendant Town of Chapel Hill. Id.at ----, 754 S.E.2d 313, 754 S.E.2d at 327. In explaining its holding, this Court stated that:
An employer wrongfully discharges an at-will employee if the termination is done for an unlawful reason or purpose that contravenes public policy. As stated in Amos[v. Oakdale Knitting Co.,331 N.C. 348, 416 S.E.2d 166 (1992) ], the public-policy exception was designed to vindicate the rights of employees fired for reasons offensive to the public policy of this State. This language contemplates a degree of intent or wilfulness on the part of the employer. In order to support a claim for wrongful discharge of an at-will employee, the termination itself must be motivated by an unlawful reason or purpose that is against public policy.
Although the definition of "public policy" approved by this Court does not include a laundry list of what is or is not injurious to the public or against the public good, at the very least public policy is violated when an employee is fired in contravention of express policy declarations contained in the North Carolina General Statutes.
However, [u]nder the rationale of [Supreme Court precedent] something more than a mere statutory violation is required to sustain a claim of wrongful discharge under the public-policy exception. [A] degree of intent or wilfulness on the part of the employer [is required]. [T]he termination itself must be motivated by an unlawful reason or purpose that is against public policy.
Although Plaintiffs' complaint is not a model of clarity, Plaintiffs need only to allege facts sufficient to support a claim that their firing was motivated by an unlawful reason or purpose that is against public policy. Plaintiffs alleged they were fired in retaliation for actions in which they were legally permitted to engage, and that this constituted a violation of public policy. If these allegations are supported by alleged facts in the pleadings, Plaintiffs have pled a valid claim.
Id.at ----, 745 S.E.2d at 324 (citations and quotations omitted). In allowing the plaintiffs' wrongful discharge claims to survive against one of the defendants, this Court noted that because plaintiff Bigelow had also filed a discrimination complaint with the EEOC, which complaint was based on retaliation for reporting violations of the Occupational Safety and Health Act of North Carolina, the plaintiffs had stated a claim for wrongful discharge in violation of public policy under the Retaliatory Employment Discharge Act. Id.at ----, 745 S.E.2d at 325 ("A retaliatory firing based upon an employee's filing of a claimof discrimination in the workplace clearly violates public policy and could support a wrongful discharge claim." (emphasis added)); see also N.C. Gen.Stat. § 95-241(a)(1) (2014) ("No person shall discriminate or take any retaliatory action against an employee because the employee in good faith does or threatens to do any of the following: File a claim or complaint....").
In Brewer,the plaintiff filed a complaint of discrimination with the EEOC alleging discrimination based on race in promotion, wages, and overtime. Brewer,130 N.C.App. at 683, 504 S.E.2d at 582. Thereafter, the plaintiff's employment with the defendant was terminated. Id.The plaintiff filed a complaint in Superior Court for wrongful discharge in violation of the public policy in the North Carolina Equal Employment Practices Act-NCEEPA-N.C. Gen.Stat. § 143-422.1. Id.at 685, 504 S.E.2d at 583. Without addressing the merits of the plaintiff's complaint, this Court held that the plaintiff's claims alleging racial discrimination and retaliation for filing a discrimination complaint with the EEOC were viable as they alleged a violation of public policy of the NCEEPA. Id.at 691, 504 S.E.2d at 586-87.
Here, plaintiff alleged that: she "was subjected to discriminatory employment practices and ... attitude of [defendant]"; defendant refused to hire women for certain positions; women and minorities were paid less by defendant; defendant told plaintiff not to hire women who were "fat" or "ugly"; and that plaintiff complained to defendant about its treatment of women and minorities, and about her low salary. As to her claim of retaliatory discharge, plaintiff specifically alleged:
14. Plaintiff was terminated from her employment with the defendant in reprisal for engaging in the protected activity of complaining about the discriminatory practices and attitude of the plant manager.
15. The plaintiff's termination was in retaliation for her complaints alleging discrimination in the workplace based on sex and race.
16. The defendant's reason for termination was merely a pretext and a ruse for the real reason, retaliation for the complaints of discrimination.
...
18. The termination of the plaintiff contravenes and violates the public policy of the [S]tate of North Carolina to protect and safeguard the rights of all people to hold employment without discrimination on the bases [sic] of race, sex or for retaliation for engaging in the protected activity of complaining about race and sex discrimination. Plaintiff's termination therefore constitutes wrongful discharge in violation of the public policy of the State of North Carolina.
Plaintiff's contention that she has alleged a claim for common law wrongful discharge must fail. Plaintiff's complaint does not allege that defendant's conduct violated a specific statutory provision or a recognized exception to this State's employment-at-will doctrine. Unlike the filing of a discrimination complaint with the EEOC, a statutorily protected activity under N.C.G.S. § 143-422.1, complaining to a plant manager and a consultant are not so protected and are insufficient under these facts to serve as the basis for a claim of retaliatory discharge. See Considine v. Compass Grp. USA, Inc.,145 N.C.App. 314, 321, 551 S.E.2d 179, 184 (2001) ("Plaintiff in the case before us has failed to identify any specified North Carolina public policy that was violated by defendant in discharging plaintiff. The complaint does not allege that defendant's conduct violated any explicit statutory or constitutional provision, nor does it allege defendant encouraged plaintiff to violate any law that might result in potential harm to the public. The complaint does not allege any of [t]he narrow exceptions to [the employment at will doctrine] grounded in considerations of public policy designed either to prohibit status-based discrimination or to insure the integrity of the judicial process or the enforcement of the law." (citations and quotation omitted)).
Here, plaintiff's complaint indicates that while she witnessed defendant's plant manager make inappropriate comments towards and about other women, and that plaintiff complained of these comments to the plant manager and defendant's consultant, plaintiff did not allege that she herself was the subject of these discriminatory comments. Although plaintiff does allege that she was paid less than her white male predecessor, plaintiff does not allege a specific statutory violation by defendant, nor does plaintiff indicate that defendant terminated her employment for filinga discrimination grievance against defendant. As such, Bigelowis not applicable to the instant case, as while "[n]o employer, employee, or any other person related to the administration of this Article shall be discriminated against in any work, procedure, or employment by reason of sex, race, ethnic origin, or by reason of religious affiliation[,]" plaintiff has not demonstrated in her complaint that her termination by defendant was in retaliation for the filing of a claimof workplace discrimination. Bigelow,--- N.C.App. at ----, 745 S.E.2d at 325 (citing N.C. Gen.Stat. § 95-151 (2011) ). Plaintiff's argument is, therefore, overruled.
AFFIRMED.
Judges STEELMAN and STROUD concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiff from order entered 24 April 2014 by Judge Lucy Noble Inman in Vance County Superior Court. Heard in the Court of Appeals 6 January 2015.