IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-478

Filed 3 December 2024

Mecklenburg County, No. 22-CVS-14639

MICHAEL JAMES ABITOL in his capacity as Executor of the Estate of DANIEL SOLOMON ABITOL A/K/A DANIEL S. ABITOL A/K/A DAN ABITOL; MICHAEL JAMES ABITOL in his capacity as Trustee of the Daniel Solomon Abitol Revocable Trust dated January 15, 2018 and MICHAEL JAMES ABITOL in his capacity as Trustee of the Ava Marie Abitol Special Needs Trust Established January 15, 2018, Plaintiff,

v.

DEBORAH R. CLARK, in her capacity as guardian of the estate of AVA MARIE ABITOL, a minor; DEBORAH R. CLARK, in her capacity as Trustee of the Ava Marie Abitol Special Needs Trust Established November 10, 2020, and HASNAA ABITOL, individually, and NOAH DANIEL ABITOL, a minor, to appear through a Guardian Ad Litem, Defendants.

Appeal by plaintiff from order entered 15 January 2024 by Judge Peter Knight in Superior Court, Mecklenburg County. Heard in the Court of Appeals 24 October 2024.

*Ellis & Winters, LLP, by Pamela S. Duffy, for plaintiff-appellant Michael Abitol.*

*Shumaker, Loop & Kendrick, LLP, by Lucas D. Garber & Abigail Y. Bechtol; Kirk Palmer & Thigpen, P.A., by Stephanie C. Daniel, for defendant-appellee Hasnaa Abitol.*

*Johnston, Allison & Hord, P.A., by Lauren S. Martin & David T. Lewis, for defendant-appellee Deborah Clark.*

ARROWOOD, Judge.

Michael Abitol ("plaintiff") appeals from order entered 15 January 2024 dismissing plaintiff's claim for declaratory relief as to whether Noah Abitol ("Noah"), the son of Daniel Abitol ("decedent"), is a beneficiary of decedent's estate as an after-born child. For the following reasons, we reverse the trial court's dismissal of the claim and remand for further proceedings.

## I.  Background

Because this appeal arises out of a dismissal pursuant to Rule 12(b)(6), we rely upon the facts as alleged in plaintiff's complaint and defendant's subsequent responses and motions submitted to the Mecklenburg County Superior Court.

Decedent married Hasnaa Abitol ("defendant Hasnaa") in 2018. Decedent had a child from a previous relationship named Ava Abitol. Defendant Deborah Clark ("defendant Clark") was appointed to be the guardian of Ava's estate. Prior to decedent's death, decedent executed a Last Will and Testament ("Will") dated 25 January 2018. Simultaneously with the Will, decedent also executed the 2018 Daniel Solomon Abitol Revocable Trust ("Trust") and the 2018 Ava Marie Abitol Special Needs Trust ("SNT").

On 10 May 2020, decedent died unexpectedly from a heart condition due to a delay in routine surgery during the COVID-19 pandemic. Decedent died testate with the Will, Trust, and SNT having been executed prior to his death. Decedent's brother, plaintiff, submitted decedent's will for probate and qualified as Executor for his estate on 17 June 2020.

On 19 November 2018, decedent had amended the Trust to distribute certain Trust property to defendant Hasnaa at the time of decedent's death. After this amendment, decedent and defendant Hasnaa underwent in vitro fertilization ("IVF") treatments to conceive a child. These efforts were successful and resulted in multiple fertilized embryos. Prior to decedent's death, the couple had selected a specific embryo for implantation. After decedent unexpectedly died, defendant Hasnaa completed the IVF transfer process and gave birth to Noah on 16 March 2021. Noah was born 10 months and 6 days after decedent's death and DNA evidence confirms that Noah is the biological child of the decedent.

Decedent's will devised the residuary of his estate to the Trust. The SNT was established within the Trust for Ava Abitol, who has a disability, and she is the sole beneficiary of the SNT. Plaintiff is the trustee of both the SNT and the Trust. The Trust included provisions regarding the allocation of trust property to various family members, with the remaining balance of the Trust to be distributed to the SNT. The Trust did not define the term "children".

At the time of decedent's death, he had a life insurance policy with a face value of $1,000,000.00 with Ava named as the sole beneficiary. However, due to the failure to name the SNT as a beneficiary on the life insurance policy, in accordance with what decedent intended to do, defendant Clark petitioned the trial court to establish a new Special Needs Trust for Ava which would receive the life insurance proceeds. Neither plaintiff nor decedent's estate were included as parties in that proceeding.

Those proceedings resulted in an order to establish a new SNT ("Court Ordered SNT") with defendant Clark appointed as the trustee. Since the Court Ordered SNT was created, Ava Abitol's mother has been receiving payments from this trust for the benefit of Ava.

In the course of administering decedent's estate, plaintiff brought a declaratory judgment action in Mecklenburg County Superior Court seeking to determine four issues: (1) Noah's right to inherit as an after-born child; (2) requesting a modification of the Trust to include Noah as an equal beneficiary with Ava; (3) reconciling the 2018 SNT with the Court Ordered SNT; and (4) requesting a declaratory judgment on the ownership of a Maserati (this issue has been resolved prior to the hearing in this matter). Hasnaa was joined as a defendant individually and in her capacity as the guardian for Noah. Defendant Clark was joined in her capacity as the trustee for the 2018 SNT and as trustee of the Court Ordered SNT.

In response to plaintiff's complaint, defendant Clark moved to dismiss, pursuant to Rule 12(b)(6), all the claims in the complaint with prejudice on 21 November 2022. Specifically, defendant Clark argued the first claim should fail because there was no statutory authority or judicial basis for carving out and distributing an intestate share of a decedent's estate to a child who was born more than ten (10) lunar months after the decedent's death. Defendant Hasnaa, both in her individual capacity and as guardian of Noah, moved for judgment on the pleadings, arguing that DNA evidence can be used to establish that a decedent is the

father of a child who is born out of wedlock within one-year of the decedent's death and this evidence may be used to allow that child to inherit intestate.

On 15 February 2024, the trial court denied defendant Hasnaa's motion for judgment on the pleadings, stating that the pleadings in this matter remain open. Furthermore, the trial court partially granted defendant Clark's motion to dismiss by dismissing plaintiff's claim for declaratory judgment on Noah's right to inherit as an after-born child. Specifically, the trial court held that this case did not involve an issue of fact, but rather an issue of law. Accordingly, the trial court found that there was no controversy as to Noah's right to inherit and granted the motion to dismiss for plaintiff's first claim in his complaint. In its dismissal order, the trial court certified the order for immediate appeal under Rule 54(b) of the North Carolina Rules of Civil Procedure in regards to defendant's request for declaratory relief on the issue of Noah's right to inherit.

On 28 February 2024, plaintiff timely filed notice of appeal of the trial court's order dismissing his claim for declaratory judgment as to Noah's status as an after-born child.

## II.    Discussion

On appeal, plaintiff argues that: (1) the trial court erred in dismissing their claim for declaratory judgment after concluded that there was no genuine controversy concerning Noah's right to inherit; (2) the facts pled in the complaint support a finding that Noah is an "after-born child" under N.C.G.S. § 31-5.5 (2023); and (3)

plaintiff is entitled to a declaration as to whether Noah can inherit under N.C.G.S. § 29-19(b)(3) (2023) because he was born after the marriage was terminated. Although defendant Hasnaa is an appellee for this appeal, she also argues that the trial court erred in dismissing the plaintiff's complaint and requests that this court apply equity principles to allow Noah to inherit from his father's estate. We address whether the trial court erred in dismissing plaintiff's request for declaratory judgment.

## A. <u>Request for Declaratory Judgment</u>

Both plaintiff and defendant Hasnaa argue on appeal that the trial court erred in dismissing plaintiff's request for declaratory judgment and finding that there was no justiciable controversy. We agree.

"This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400 (2003). Our Supreme Court has held that dismissal of a claim for declaratory judgment "is allowed *only* when the record *clearly shows* that there is no basis for declaratory relief as when the complaint does not allege an actual, genuine existing controversy." *N.C. Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 439 (1974) (emphasis added).

In North Carolina, declaratory judgment actions are subject to the Uniform Declaratory Judgment Act ("NCUDJA"). N.C.G.S. § 1-253 to 1-267 (2023). "A jurisdictional prerequisite of a declaratory judgment claim is that a controversy must exist between the interested parties both at the time of filing the complaint and the

time of hearing at which the matter comes before the trial court for a hearing." *Chapel H.O.M. Associates, LLC v. RME Management, LLC*, 256 N.C. App. 625, 629–30 (2017) (citing *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 584–85 (1986)). A sufficient basis for a declaratory judgment claim exists when:

> (1) . . . a real controversy exists between or among the parties to the action; (2) . . . such controversy arises out of *opposing contentions* of the parties, made in good faith, *as to the validity* or construction of a deed, will or *contract in writing*, or as to the validity or construction of a statute, or municipal ordinance, contract, or franchise; and (3) . . . the parties to the action have or may have legal rights, or are or may be under legal liabilities which are involved in the controversy, and may be determined by a judgment or decree in the action . . . .

*N.C. Consumers Power, Inc.*, 285 N.C. at 449. An "actual controversy" has been defined as a controversy that exists "between parties having *adverse interests* in the matter in dispute." *State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 338 (1984). Accordingly, this standard *only* requires the plaintiff to "allege in his complaint and show at the trial that a real controversy, arising out of their opposing contentions as to their respective legal rights and liabilities . . . under a statute . . . exists between or among the parties, and that the relief prayed for will make certain that which is uncertain and secure that which is insecure." *N.C. Consumers Power, Inc.*, 285 N.C. at 449.

Here, it is clear that plaintiff's complaint meets these requirements to show that a proper claim for declaratory relief was asserted. Reviewing the cold record,

plaintiff sought a declaratory judgment regarding determination of Noah's rights to inherit intestate as an after-born child of the decedent. Specifically, plaintiff alleges the following in his complaint:

> 45. An actual and justiciable controversy suitable for entry of a declaratory judgment exists regarding a determination of Noah's rights as an afterborn child of the Decedent.
>
> 46. In accordance with N.C.G.S. § 1-255, Plaintiff Michael James Abitol, as Executor and Trustee, and Noah, by and through his guardian ad litem, are entitled to apply for a declaratory judgment to determine Noah's rights as an afterborn child as a beneficiary of the Decedent's estate and Trust and to the Decedent's life insurance and other assets to the Decedent. . . . .
>
> 50. Pursuant to N.C.G.S. § 31-5.5, as an after-born child, Noah is entitled to share in the Decedent's estate to the same extent that he would have shared had the Decedent died intestate.
>
> 51. Under N.C.G.S. § 29-19(b)(3), Noah is entitled to take under the laws of intestate succession because he was born within one year after his father's death and because his paternity is established by DNA testing.
>
> 52. Upon information and belief, Defendant Clark contends that the provisions of N.C.G.S. § 29-9 bar Noah's inheritance because he was born more than 10 months after the Decedent's death.
>
> 53. While N.C.G.S. § 29-9 creates a presumptive right in the child born within 10 lunar months of the Decedent's death, it is not the exclusive method by which a right to inheritance arises.
>
> 54. There is an actual and justiciable controversy concerning Noah's right to inherit.

In plaintiff's complaint, he clearly alleges how his construction of the after-born child statute contends with defendant's construction of the same and related statutes. Furthermore, in response to plaintiff's complaint, defendant Clark argues that there is no statutory authority or judicial basis for carving out an intestate share for Noah because he was born more than 10 lunar months after decedent's death.

Based on the facts alleged in plaintiff's complaint and defendant Clark's subsequent response, we determine that an actual controversy exists over Noah's right to inherit as an after-born child. A sufficient claim for declaratory relief exists for the following reasons:

First, a real controversy exists between plaintiff and defendant Clark because granting plaintiff's claim for declaratory judgment will adversely impact defendant Clark's interests as guardian of Ava and trustee of the SNT. Plaintiff, as executor of decedent's estate, owes fiduciary duties to both Ava and Noah, should Noah be considered a beneficiary of decedent's estate. Furthermore, as guardian and trustee of Ava and the SNT, defendant Clark owes a fiduciary duty to Ava to ensure she is advocating and advancing Ava's interests as a minor child with special needs. Accordingly, both parties have vested interests in the outcome of this declaratory judgment as it will impact their fiduciary duties in executing decedent's estate.

Second, the controversy that exists between plaintiff and defendant Clark exists arises from their opposing contentions of certain intestate statutes. Plaintiff's assertion is that Noah should be entitled to inherit under the after-born child statute,

which is in direct contention with defendant Clark's assertion that Noah may not inherit due to N.C.G.S. § 29-9. Defendant Clark interprets N.C.G.S. § 29-9 as imposing an absolute bar for after-born children to inherit if they are born more than 10 lunar months after the decedent's death. In the pleadings, plaintiff asserts that N.C.G.S. § 29-9 creates a presumptive right that children born within 10 lunar months of the decedent's death may inherit. Defendant Clark asserts that the same statute creates an absolute bar and any child born after 10 lunar months cannot inherit. Neither of these interpretations can be true at the same time. Furthermore, defendant Clark contends that the presumption established by N.C.G.S. § 29-9 can only be overcome by evidence that the child was *in utero* at the time of decedent's death. Both constructions of this statute cannot be true at the same time and litigation is necessary for a court to resolve this controversy. Accordingly, because both plaintiff and defendant are construing N.C.G.S § 31-5.5 and N.C.G.S. § 29-9 in opposing ways in terms of Noah's right to inherit, an actual controversy between the parties exists.

Finally, the parties in this case have legal rights that would be implicated by a ruling from the trial court and dismissal of the claim could open plaintiff up to further liability due to his role as executor of decedent's estate. First, plaintiff's and defendant Hasnaa's contentions that Noah should inherit under N.C.G.S. § 31-5.5 concern Noah's right to inherit as an after-born child. Second, in her capacity as guardian of the estate for Ava, defendant Clark's contention that Noah may not

inherit as an after-born child directly impacts Ava's right to inherit because should Noah be able to inherit under any of the theories stated above, this would impact the distribution of multiple different assets in decedent's estate which are currently set to solely go to Ava or the SNT. Therefore, action on this declaratory judgment claim will necessarily impact if, and how much, of decedent's estate both Noah and Ava will be able to inherit.

Pursuant to N.C.G.S. § 29-9, "[l]ineal descendants and other relatives of the intestate born within 10 lunar months after the death of the intestate shall inherit as if they had been born in the lifetime of the instate and had survived him" N.C.G.S. § 29-9 (2023). Defendant argued, and apparently this trial court agreed, that this statute operates as a bar for any child born more than 10 months from the intestate's death. This argument is incorrect. The statute merely confirms that one born within 10 months SHALL inherit, it does not exclude other possibilities. Thus, the statute does not act as a bar to this claim.

Accordingly, because an actual controversy exists between the parties and Noah and Ava's rights would be impacted through this litigation, and there is no statutory bar to prevent this matter from being litigated, the trial court erred in dismissing plaintiff's request for declaratory relief.

In view of our determination, we decline the parties' invitation to go further in resolving this matter and remand the matter to the trial court to fully determine the facts and issues not only with respect to this issue but the other matters pending in

this case.

### III.    Conclusion

Based upon the foregoing, we reverse the trial court's dismissal of plaintiff's claim for declaratory judgment and remand for further proceedings.

REVERSED AND REMANDED.

Judges HAMPSON and WOOD concur.