INLAND GREENS HOA v. DALLAS HARRIS REAL ESTATE-CONSTRUCTION

[127 N.C. App. 610 (1997)]

INLAND GREENS HOA, INC., CEDAR RIDGE AT INLAND GREENS, INC., JAMES W. SAWYER AND WIFE, EILEEN SAWYER, NORMAN RALPH PIPPIN AND WIFE, DOROTHY PIPPIN, PLAINTIFFS v. DALLAS HARRIS REAL ESTATE-CONSTRUCTION INCORPORATED, FRANKLIN L. BLOCK, TRUSTEE AND MABEL DUNN TRASK, DEFENDANTS

No. COA97-144

(Filed 4 November 1997)

**Declaratory Judgment Actions §§ 20, 25 (NCI4th)— party previously dismissed—petition for supplemental relief— denominated a Rule 60 motion**

The trial court did not err by granting defendant-Trask's motion for relief from a declaratory judgment pursuant to N.C.G.S. § 1A-1, Rule 60(b) where a developer (defendant Dallas Harris Real Estate-Construction) had executed a note and deed of trust to Trask; when most of the lots were sold, the developer notified the individual lot owners that it intended to sell a golf course which was included in the common areas; negotiations with the homeowners reached a stalemate; the homeowners' associations and two individual owners brought this action seeking a declaratory judgment of the interests of the respective parties with regard to the common areas; Trask was dismissed for lack of subject matter jurisdiction; the trial court granted a declaratory judgment in favor of plaintiffs which ordered that Trask's deed of trust be subordinate to any interest of plaintiffs in the common properties; and Trask filed a motion for relief, which was granted. Trask was entitled to relief from the declaratory judgment because she was not afforded an opportunity to be heard. Although the more appropriate course of action would have been to file a petition for supplemental relief under N.C.G.S. § 1-259 rather a Rule 60 motion for relief, the label or description a party puts on its motion does not control whether the party should be granted relief and plaintiffs suffered no prejudice since Trask was entitled to relief under the Declaratory Judgment Act.

Appeal by plaintiffs from judgment entered 7 November 1996 by Judge James E. Ragan, III in New Hanover County Superior Court. Heard in the Court of Appeals 7 October 1997.

INLAND GREENS HOA v. DALLAS HARRIS REAL ESTATE-CONSTRUCTION

[127 N.C. App. 610 (1997)]

*Shipman & Associates, L.L.P., by Gary K. Shipman and C. Wes Hodges, II, for plaintiffs-appellants.*

*Block, Crouch, Keeter & Huffman, L.L.P., by Auley M. Crouch, III; and Gary E. Trawick; for defendant-appellee.*

WALKER, Judge.

On 29 January 1990, Dallas Harris Real Estate-Construction, Inc. ("Dallas Harris") executed a note and deed of trust to Mabel Dunn Trask ("Trask") in the amount of three-million two-hundred fifteen thousand dollars ($3,215,000.00) to secure the sale of certain property in New Hanover County. Dallas Harris developed this property to create two multi-family residential developments known as Inland Greens and Cedar Ridge at Inland Greens ("Cedar Ridge"). As Dallas Harris developed additional sections of Inland Greens and Cedar Ridge, Trask would release additional tracts of land from the deed of trust.

When Dallas Harris began developing the land, he recorded certain plats with the New Hanover County Register of Deeds which showed the location of the lots in each development, as well as all the common areas, amenities and recreational areas, including an 18-hole, par-3 golf course ("golf course"). In each subsequent conveyance of lots from the two developments, Dallas Harris referenced these plats for a more particular description. Furthermore, the lots contained in the two developments were subject to certain restrictive covenants. One of the restrictive covenants for Inland Greens granted to the lot owners a "right of first refusal" to buy the golf course if Dallas Harris decided to sell it within the first ten years.

By 1994, Dallas Harris had sold substantially all of the lots situated in the two developments. However, Trask claimed that Dallas Harris still owed her additional sums of money under the note and deed of trust, and she threatened foreclosure proceedings.

In July 1994, Dallas Harris notified the individual lot owners of both developments that he intended to sell the golf course, and that in accordance with the restrictive covenants, they had a right of first refusal to purchase the golf course before it was offered for sale to the public. Thereafter, Dallas Harris offered to sell the golf course to the lot owners at a price which reflected the golf course being subdivided and developed into additional lots. The lot owners then submitted a counteroffer to purchase the golf course at a price which

reflected its continuing to be used as a golf course. When negotiations between the two parties reached a stalemate, Dallas Harris told the lot owners that they could look forward to additional development if they did not purchase the golf course.

Plaintiffs, in the current action, are the homeowners' associations for the two developments as well as two individual lot owners. They filed this complaint against Dallas Harris, Trask and John C. Collins, the trustee for the deed of trust, on 10 July 1995, seeking a declaratory judgment of the interests of the respective parties with regard to the common areas and amenities of the two developments, including the golf course. Trask and Collins were dismissed in February 1996 for lack of subject matter jurisdiction; however, the lawsuit between the lot owners and Dallas Harris continued.

After a hearing on the matter, the trial court granted a declaratory judgment in favor of the plaintiffs on 26 June 1996, in which it made the following conclusions of law:

4. The interests of the Plaintiffs and other members of the Associations is superior to any interest of Trask in and to the common property, areas, amenities and utilities for the developments, and the Golf Course.

. . .

6. Trask benefitted, by virtue of the payments made by Dallas Harris on the purchase money note and Deed of Trust referenced above by reason of the development scheme for Inland Greens and Cedar Ridge, which included the creation of the easements in favor of the Plaintiffs and other members of the Associations in and to the common property, areas, amenities and utility systems, and the Golf Course.

7. The Deed of Trust to Trask is subordinate to any interest of the Plaintiffs, and other lot owners within the developments similarly situated, to the common properties, open spaces, and the Golf Course.

The trial court then ordered that:

2. The Deed of Trust to Trask is subordinate to any interest of the Plaintiffs, and other lot owners within the developments similarly situated, to the common properties, open spaces and the Golf Course.

Following the entry of the order, Trask filed a motion for relief from the declaratory judgment pursuant to Rule 60(b) of the N.C. Rules of Civil Procedure. Trask contended that the declaratory judgment purported to deprive her of valuable property rights by subordinating her deed of trust to "any interest of the plaintiffs, and other lot owners within the developments similarly situated, to the common properties, open spaces and the Golf Course." Further, she asserted that this deprivation of property rights, without proper notice, was violative of her due process rights, and was essentially a "fraud upon the Court." She requested that the trial court either strike the entire judgment as being void, or at least remove all references which purported to affect her property rights.

After hearing from both sides on the matter, the trial court granted Trask's motion for relief on 7 November 1996 and entered an amended declaratory judgment which struck the above-referenced conclusions and ordered that the declaratory judgment entered on 26 June 1996 should not apply to Trask.

Our Supreme Court has stated that:

It is axiomatic, at least in American jurisprudence, that a judgment rendered by a court against a citizen affecting his vested rights in an action or proceeding to which he is not a party is absolutely void and may be treated as a nullity whenever it is brought to the attention of the Court.

*Card v. Finch,* 142 N.C. 140, 144, 54 S.E. 1009, 1010 (1906). Further, our Courts have held that "[n]otice and an opportunity to be heard are prerequisites of jurisdiction . . ., and jurisdiction is a prerequisite of a valid judgment." *Comrs. of Roxboro v. Bumpass,* 233 N.C. 190, 195, 63 S.E.2d 144, 147 (1951) (citations omitted); *Jenkins v. Richmond County,* 99 N.C. App. 717, 721, 394 S.E.2d 258, 261 (1990), *disc. review denied,* 328 N.C. 572, 403 S.E.2d 512 (1991).

Since this was a declaratory judgment action, an appropriate remedy can be found under Article 26 of Chapter 1 of the N.C. General Statutes ("the Declaratory Judgment Act"). Within that Act, N.C. Gen. Stat. § 1-260 states that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." N.C. Gen. Stat. § 1-260 (1996); *see also* W. Brian Howell, *Shuford North Carolina Civil Practice and Procedure* § 57-3 (4th ed. 1992). Further,

when a "necessary party" to the action has not been joined in the action, the trial court should not proceed until the absent person is brought into the action as a party. *Construction Co. v. Board of Education*, 278 N.C. 633, 640, 180 S.E.2d 818, 822 (1971). A person is a necessary party when "he is so vitally interested in the controversy involved . . . that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party." *Id.* at 639, 180 S.E.2d 818, 821-822 (*quoting Garrett v. Rose*, 236 N.C. 299, 307, 72 S.E.2d 843, 848 (1952)).

Since Trask was not afforded an opportunity to be heard, she was entitled to relief from the declaratory judgment. Although Trask brought her motion for relief under Rule 60(b), the more appropriate course of action would have been to file a petition with the trial court for supplemental relief under N.C. Gen. Stat. § 1-259, which provides that:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

N.C. Gen. Stat. § 1-259 (1996).

"Nomenclature is not important. The label or description that a party puts on its motion does not control whether the party should be granted or denied relief . . . ." 12 James W. Moore et al., *Moore's Federal Practice and Procedure* § 60.64 (3rd ed. 1997); *see also Carter v. Clowers*, 102 N.C. App. 247, 253, 401 S.E.2d 662, 665 (1991). Accordingly, we treat Trask's Rule 60(b) motion as a petition for relief under N.C. Gen. Stat. § 1-259.

Although the trial court granted Trask relief under Rule 60(b), we find that plaintiffs suffered no prejudice since Trask was entitled to relief under the Declaratory Judgment Act. We therefore overrule this assignment of error.

Affirmed.

Judges WYNN and SMITH concur.