CHESTER M. GOODSON, Petitioner v. WAYMOND GOODSON and wife, BETTY GOODSON, ARMADIA GOODSON COBB, and husband, HAROLD COBB, MARION GOODSON and wife, MILDRED GOODSON, MARJORIE GOODSON POWELL and husband, ROBERT POWELL, Respondents v. MARION GOODSON, Third Party Petitioner v. J. GREGORY WALLACE, HENRY D. GAMBLE, JOHN T. FREEMAN, TERESA B. FREEMAN, WADE FREEMAN, SR., MARY H. FREEMAN, Third Party Respondents

No. COA00-1042

(Filed 7 August 2001)

### 1. Partition— judicial sale—negligence by commissioners—relevancy to denial of fees

The trial court's findings when denying a motion to set aside a partition sale regarding negligence by the commissioners in failing to send to petitioners an amended notice of sale was relevant to support the court's decision to deny commissioners' fees. Moreover, irrelevant findings would not warrant a reversal of the trial court's decision.

### 2. Evidence— property owner's opinion of value—not familiar with nearby land values

There was competent evidence to support the trial court's finding of the value of a tract of land in a contested partition sale where a co-owner testified to its value. There is no requirement that an owner be familiar with nearby land values in order to testify to the fair market value of his own property.

### 3. Partition— judicial sale—amended notice not received—sufficiency of evidence

There was sufficient evidence in a contested partition sale by commissioners to support the court's finding that petitioners did not receive an amended notice of sale reflecting a reduced price where the petitioners testified that they did not receive the notice and one commissioner testified that he had sent the notice to them.

### 4. Judicial Sales— flawed commissioners' sale—innocent purchasers—deed not set aside

The trial court did not err by refusing to set aside a commissioners' deed where the current landowners purchased the tract with no notice of any dispute. An innocent purchaser takes title free of equities of which he had no actual or constructive notice. Furthermore, the present owners were not joined as necessary parties.

**5. Judicial Sales— partitition sale—negligence by commissioners—liability of commissioners**

The trial court did not err in a contested partition sale arising from the alleged failure of the commissioners to deliver an amended notice of sale to petitioners by not ruling on the extent of the commissioners' liability and awarding damages. The findings regarding the commissioners' negligence supported the decision to deny commissioners' fees, but the extent of the commissioners' relative liability was not litigated.

Appeal by respondent Mildred Goodson, respondent and third party petitioner Marion Goodson, and third party respondent J. Gregory Wallace from judgments entered 3 December 1998 and 10 February 2000 by Judge Wade Barber, Jr., in Wake County Superior Court. Heard in the Court of Appeals 5 June 2001.

*Berman & Associates, by Gary K. Berman, for respondent Mildred Goodson and respondent and third party petitioner Marion Goodson.*

*Bailey & Dixon, L.L.P., by Gary S. Parsons and Warren T. Savage, for third party respondent J. Gregory Wallace.*

*Pendergrass Law Firm, by James K. Pendergrass, Jr., for third party respondents John T. Freeman, Teresa B. Freeman, Wade Freeman, Sr., and Mary H. Freeman.*

TIMMONS-GOODSON, Judge.

On 10 June 1996, Chester M. Goodson petitioned the Wake County Superior Court for a partition of five parcels of land, including a certain parcel labeled "Tract C," which he and his relatives owned as tenants in common. The trial court ordered such sale by partition and appointed the attorneys representing the parties, third party respondents J. Gregory Wallace (Mr. Wallace) and Henry D. Gamble (Mr. Gamble), as co-commissioners of the court to sell the tracts of land, including Tract C, and to report the sales to the clerk of court for confirmation.

Pursuant to their duties as co-commissioners, Mr. Wallace and Mr. Gamble offered Tract C for private sale through various realtors. A real estate development company, Pittman-Korbin, Inc. (Pittman-Korbin), subsequently submitted an offer to purchase Tract C, and Mr. Wallace negotiated and executed an offer to purchase and con-

tract with Pittman-Korbin for $172,335.00 on 15 May 1997. The offer was expressly contingent upon the property's suitability for residential development. On the same day, Mr. Wallace served upon all parties to the petition a notice of sale of Tract C to Pittman-Korbin for the above-stated price. The notice stated that, pursuant to N.C. Gen. Stat. § 46-28(b), the commissioners would report the sale of Tract C to the court on 5 June 1997, at which time there would be a ten-day period during which upset bids could be submitted.

When Pittman-Korbin conducted soil tests upon Tract C, however, it discovered that a substantial portion of the land did not percolate, and was thus unsuitable for residential development. Pittman-Korbin therefore terminated the offer pursuant to the contingency. Another party, third party respondent John T. Freeman, immediately offered $128,310.00 for Tract C with no contingencies. Mr. Wallace and Mr. Gamble accepted this offer on 2 June 1997. According to Mr. Wallace, he then sent all parties an amended notice of sale for Tract C, reporting the reduced purchase price. Two of the parties to the partition, respondents Mildred Goodson and Marion Goodson (Mr. Goodson) (collectively Mildred and Marion Goodson), testified they never received such notice.

On 18 June 1997, after the proper ten-day period had elapsed with no upset bids submitted, the trial court entered an order confirming the sale of Tract C. The sale closed on 29 August 1997, a final report of sale was filed, and the commissioner's deed to Tract C was recorded with the Wake County Register of Deeds the same day.

Immediately upon purchasing Tract C, John Freeman conveyed the property by general warranty deed to his parents, third party respondents Wade Freeman, Sr. and Mary Freeman, who subdivided the tract and properly deeded five lots to another son, Wade Freeman, Jr., and to his wife, Carol Freeman, on 27 February 1998. Wade Freeman, Jr., and Carol Freeman, who are not parties to this action, subsequently constructed houses on each of the five lots.

On 12 March 1998, Mr. Goodson filed a motion to set aside the commissioner's deed on Tract C, alleging that he had not received the amended notice of sale of such land, and that the sale price was inadequate. On 3 December 1998, the trial court denied the motion to set aside the deed, concluding that, although Marion and Mildred Goodson had not received notice of the sale, respondents Freeman were innocent purchasers for value and entitled to rely upon the public record, and further, that Mr. Goodson had failed to join Wade

Freeman, Jr., and Carol Freeman as necessary parties to the action. The trial court also made findings of fact regarding Mr. Gamble's and Mr. Wallace's negligence in serving the amended notice regarding the sale of Tract C and concluded that both Mr. Wallace and Mr. Gamble breached their fiduciary duties as commissioners. The trial court therefore denied any award of commissioners' fees to Mr. Wallace and Mr. Gamble.

On 18 December 1998, Mr. Goodson filed a motion to amend the 3 December order, seeking to: (1) set a specific amount of damages; (2) determine that the damages incurred were a result of the negligence of Mr. Wallace and Mr. Gamble; and (3) order that Mr. Wallace and Mr. Gamble pay such damages owed. The trial court denied the motion to amend the order, and Mildred and Marion Goodson, as well as Mr. Wallace now appeal to this Court.

---

The issues presented by this appeal are whether the trial court erred in (1) making findings of fact and conclusions of law regarding the actions of Mr. Wallace and Mr. Gamble as co-commissioners; (2) finding the fair market value of Tract C to be in the range of $180,000.00 to $250,000.00; (3) finding that the Goodsons did not receive the amended notice of the sale of Tract C; (4) refusing to set aside the commissioner's deed to Tract C; and (5) denying the Goodsons' motion to amend the 3 December 1998 judgment. We address these issues in turn.

## I. Third-Party Respondent Wallace's Appeal

[1] Mr. Wallace argues the trial court erred in making findings of fact and conclusions of law regarding the co-commissioners' actions. Mr. Wallace contends such findings were irrelevant and unnecessary to the trial court's denial of the motion to reverse the judicial sale. We disagree.

In his *pro se* motion to set aside the commissioner's deed, Mr. Goodson also asked the court to remove Mr. Wallace from his position as commissioner and to grant "such other and further relief" as the court deemed proper, in order to prevent Mr. Wallace's "unjust enrichment." At the hearing on the motion to set aside the commissioner's deed, the trial court considered testimony from both sides concerning the amended notice and found that, in failing to give such notice, Mr. Wallace had been negligent in his duties as a commissioner. The trial court therefore concluded that Mr. Wallace deserved

no compensation for his work as a commissioner in connection with Tract C.

N.C. Gen. Stat. § 1-339.11(a) states "[i]f the person holding a sale is a commissioner specially appointed . . . the judge or clerk of court having jurisdiction shall fix the amount of his compensation and order the payment thereof out of the proceeds of the sale." N.C. Gen. Stat. § 1-339.11(a) (1999). A commissioner appointed by the court is entitled to such compensation as provided by law and may appeal a decision by a trial court fixing such rate. *See Gravel Co. v. Taylor,* 269 N.C. 617, 621, 153 S.E.2d 19, 22 (1967); *Welch v. Kearns,* 259 N.C. 367, 370-71, 130 S.E.2d 634, 636 (1963). It is clear that, as a commissioner, Mr. Wallace would have normally been entitled to compensation for his work on the sale of Tract C. Indeed, Mr. Wallace assigns as error the trial court's conclusion that he is undeserving of compensation for his efforts surrounding Tract C's sale. The trial court's findings regarding Mr. Wallace's negligence are therefore not immaterial, but properly support its decision to deny commissioner's fees to Mr. Wallace.

Furthermore, it is the duty of the trial judge to make findings of fact determinative of the issues raised by the pleadings and the evidence. *See* N.C. Gen. Stat. § 1A-1, Rule 52 (1999); *In re Whisnant,* 71 N.C. App. 439, 441, 322 S.E.2d 434, 435 (1984). In his pleadings and during the hearing on the motion, Mr. Goodson made numerous allegations against Mr. Wallace and Mr. Gamble concerning their negligence as co-commissioners and requested appropriate relief, which the trial court granted by denying commissioners' fees. Even if the findings of negligence were irrelevant to the court's refusal to set aside the commissioner's deed, irrelevant findings in a trial court's decision do not warrant a reversal of the trial court. *See Harrington v. Rice,* 245 N.C. 640, 644, 97 S.E.2d 239, 242 (1957); *Black Horse Run Ppty. Owners Assoc. v. Kaleel,* 88 N.C. App. 83, 86, 362 S.E.2d 619, 622 (1987), *cert. denied,* 321 N.C. 742, 366 S.E.2d 856 (1988); *Lyerly v. Malpass,* 82 N.C. App. 224, 231, 346 S.E.2d 254, 259 (1986), *disc. review denied,* 318 N.C. 695, 351 S.E.2d 748 (1987) (all stating that where there are sufficient findings of fact based on competent evidence, a judgment will not be disturbed because of erroneous findings that do not affect the trial court's conclusions). We therefore overrule this assignment of error.

[2] Mr. Wallace next contends the trial court's finding regarding Tract C's value was based upon incompetent evidence and should therefore

be reversed. The trial court found that "[t]he fair market value of Tract C during the applicable time periods . . . was in the range of $180,000.00 to $250,000.00." "It is well established that where the trial court sits without a jury, the court's findings of fact are conclusive if supported by competent evidence, even though other evidence might sustain contrary findings." *Barnhardt v. City of Kannapolis*, 116 N.C. App. 215, 224-25, 447 S.E.2d 471, 477, *disc. review denied*, 338 N.C. 514, 452 S.E.2d 807 (1994). Further, "[i]n a nonjury trial, in the absence of words or conduct indicating otherwise, the presumption is that the judge disregarded incompetent evidence in making his decision." *City of Statesville v. Bowles*, 278 N.C. 497, 502, 180 S.E.2d 111, 114-15 (1971).

In the instant case, co-owner Armadia Goodson Cobb testified the fair market value of Tract C was "in the range of a hundred—close to a hundred eighty or two hundred thousand dollars beyond what . . . had been offered [by Pittman-Korbin]." Pittman-Korbin's original offer for Tract C was $172,335.00. Ms. Cobb stated that she based her opinion about the value of the property "on its location . . . and the type of land that it was," noting further that the land was "not far" from neighboring towns and cities and "in an area that's been developed." No objection was made to Ms. Cobb's testimony, nor did Mr. Wallace offer any evidence concerning the value of Tract C.

"Unless it affirmatively appears that the owner does not know the market value of his property, it is generally held that he is competent to testify as to its value." *Highway Comm. v. Helderman*, 285 N.C. 645, 652, 207 S.E.2d 720, 725 (1974). Mr. Wallace argues that, because Ms. Cobb was unable to state with any certainty the value of other property in the vicinity of Tract C, she did not know the market value of Tract C. We disagree. Although the value of land "similar in nature, location, and condition" to the property in dispute is admissible as independent evidence of that property's value, *see State v. Johnson*, 282 N.C. 1, 21, 191 S.E.2d 641, 655 (1972), there is no requirement that an owner be familiar with nearby land values in order to testify to the fair market value of his own property. Rather, an owner " 'is deemed to have sufficient knowledge of the price paid [for his land], the rents or other income received, and the possibilities of the land for use, [and] to have a reasonably good idea of what [the land] is worth.' " *Highway Comm.*, 285 N.C. at 652, 207 S.E.2d at 725 (quoting 5 Nichols, *Law of Eminent Domain*, § 18.4(2) (3rd ed. 1969)). As an owner of Tract C, Ms. Cobb could therefore competently testify as to its value.

GOODSON v. GOODSON

[145 N.C. App. 356 (2001)]

Although the trial court found Tract C to be considerably less valuable than Ms. Cobb's assertions, "an offer by the owner . . . to sell his land for a lesser price than he now contends it is worth, is competent to contradict his present contention [of its value]." *Highway Comm.*, 285 N.C. at 655, 207 S.E.2d at 727. It is undisputed that respondents were willing, and indeed, mistakenly believed they were selling Tract C to Pittman-Korbin for $172,335.00. We determine there was competent evidence of Tract C's value before the trial court to support its finding. We therefore overrule this assignment of error.

[3] Mr. Wallace further argues there was insufficient evidence that the Goodsons did not receive the amended notice, and that the trial court erred in finding such. As previously stated, where there is any competent evidence to support the trial court's findings, such findings are conclusive and binding upon this Court, even though there is evidence contra to sustain other findings. *See Kirkhart v. Saieed*, 98 N.C. App. 49, 54, 389 S.E.2d 837, 840 (1990); *Brooks v. Brooks*, 12 N.C. App. 626, 628-27, 184 S.E.2d 417, 419 (1971). "The trial court is in the best position to weigh the evidence, determine the credibility of witnesses and 'the weight to be given their testimony.' " *Kirkhart*, 98 N.C. App. at 54, 389 S.E.2d at 840 (quoting *Lyerly*, 82 N.C. App. at 225-26, 346 S.E.2d at 256).

Whether or not the Goodsons received proper notice of the sale of Tract C was a central issue in direct conflict before the trial court. Both Marion and Mildred Goodson testified they did not receive the amended notice relating the reduced sale price for Tract C. Marion Goodson further stated that, although he felt the original bid submitted by Pittman-Korbin for $172,335.00 was too low, he had decided against upsetting that particular bid. According to Mr. Goodson, had he received the amended notice relating the reduced sale price of $128,310.00, he would have submitted an upset bid, as he had already done with the sale of Tract B, another piece of the land partitioned by the court. The trial court could properly infer from this testimony that the sale of Tract C was of vital interest to Mr. Goodson, and that had he received the amended notice, he would have promptly submitted an upset bid. Upon consideration of Mr. Wallace's testimony that he personally sent the amended notice to the Goodsons, the trial judge remarked, "There's probably not a lawyer in this courthouse who's practiced law as long as most of us have who hasn't certified mailing something and there was a page missing out of it. There's no question about that." The trial court obviously determined that, under the circumstances, it was more likely for Mr. Wallace to have

neglected to include the amended notice in one of the mailings than for the Goodsons to have overlooked such notice. As the question of notice was a factual issue to be resolved by the trial court, and as there was competent evidence to support its finding that notice was not given, we must affirm the trial court's finding. We overrule this assignment of error.

## II. The Goodsons' Appeal

**[4]** The Goodsons argue the trial court erred in refusing to set aside the commissioner's deed. We disagree.

Because the Freemans purchased Tract C with no notice of any dispute regarding the legitimacy of the sale, they are innocent purchasers and as such, are protected in their purchase. A person is an innocent purchaser for value and without notice when he purchases without notice, actual or constructive, of any infirmity, pays valuable consideration, and acts in good faith. *Morehead v. Harris*, 262 N.C. 330, 338, 137 S.E.2d 174, 182 (1964). In *Morehead*, our Supreme Court held that, when there has been a bona fide purchase for valuable consideration, the deficiencies in the conveyance must be expressly or by reference set out in the muniments of record title, or brought to the notice of the purchaser so as to put him on inquiry. *See id.* at 340-41, 137 S.E.2d at 184. In short, an innocent purchaser takes title free of equities of which he had no actual or constructive notice.

In the instant case, both John Freeman and Wade Freeman, Sr., testified they had no notice of any problems regarding the judicial sale before they purchased Tract C. John Freeman stated: "[W]hen I sold [Tract C] to my father, I had no idea [Mr. Goodson] was going to petition anybody. In other words, I was under the impression that I had bought a farm with a clear title with commissioner's deed." "[I]t is well settled in North Carolina that, in the absence of fraud or the knowledge of fraud, one who purchases at a judicial sale, or who purchased from one who purchased at such sale, is required only to look to the proceeding to see if the court had jurisdiction of the parties and of the subject matter of the proceeding, and that the judgment on its face authorized the sale." *Cherry v. Woolard*, 244 N.C. 603, 610, 94 S.E.2d 562, 566 (1956) (holding the purchaser at a judicial sale acquired good title, despite contentions of defective service to minor defendants).

It is undisputed that the Freemans are innocent purchasers without notice. Moreover, there is no evidence that the Freemans engaged

in any sort of fraud or collusion. Thus, the sale should be upheld as long as the trial court had proper jurisdiction over the parties and the subject matter, and the judgment on its face authorized the sale. *See id.* There is no suggestion from any of the parties that the trial court lacked jurisdiction, or that the judgment did not authorize the sale.

Furthermore, the Goodsons neglected to join as necessary parties to the action Wade Freeman, Jr., and Carol Freeman, the present owners of five lots on Tract C. "A 'necessary' party is one whose presence is required for a complete determination of the claim, and is one whose interest is such that no decree can be rendered without affecting the party." *Begley v. Employment Security Comm.*, 50 N.C. App. 432, 438, 274 S.E.2d 370, 375 (1981) (citation omitted). In order to declare the deed to Tract C null and void, the trial court needed jurisdiction over all of the current owners of the property, *see Brown v. Miller*, 63 N.C. App. 694, 699, 306 S.E.2d 502, 505 (1983), *disc. review denied*, 310 N.C. 476, 312 S.E.2d 882 (1984), which it did not have. Thus, because the Freemans were innocent purchasers, and because the Goodsons failed to join all of the necessary parties to the action, the trial court correctly denied Mr. Goodson's petition to set aside the deed. We overrule this assignment of error.

[5] The Goodsons also contend the trial court erred in denying the motion to amend the 3 December 1998 judgment. The Goodsons argue that, because the trial court made findings regarding Mr. Wallace's and Mr. Gamble's negligence in their duties as co-commissioners, it should have definitively ruled on the extent of Mr. Wallace's and Mr. Gamble's liability and awarded appropriate damages to the Goodsons based upon such negligence. We disagree. As stated above, we determine that the trial court's findings regarding Mr. Wallace's and Mr. Gamble's negligence support its decision to deny commissioner's fees. Such a decision was appropriate, given the trial court's finding and conclusion that the commissioners had failed to give appropriate notice to the Goodsons. The extent of Mr. Wallace's and Mr. Gamble's relative liability, however, was never litigated before the trial court, and it therefore properly declined to rule upon such issues for which it lacked competent evidence. We overrule this assignment of error.

For the reasons set forth herein, the decision of the trial court is hereby affirmed.

MULTIMEDIA PUB'G OF N.C., INC. v. HENDERSON CTY.

[145 N.C. App. 365 (2001)]

Affirmed.

Judges GREENE and BRYANT concur.