IN THE MATTER OF THE FORECLOSURE OF A LIEN BY HUNTERS CREEK TOWN-HOUSE HOMEOWNERS ASSOCIATION, INC., AGAINST JAMES C. BARBOT AND JANE O. BARBOT

No. COA09-118

(Filed 6 October 2009)

**Mortgages and Deeds of Trust— necessary parties—foreclosure sale**

The trial court's order setting aside a sale and vacating a foreclosure order is itself vacated and remanded for additional proceedings upon joinder of all necessary parties. The record owner of the property who purchased it at a judicial sale without notice of infirmity of title was a necessary party.

Appeal by third-party purchaser for value Ed Bartley from an order entered 10 October 2008 by Judge Paul G. Gessner in the Wake County Superior Court. Heard in the Court of Appeals 20 August 2009.

*Maitin Law Firm, by Lawrence S. Maitin, for appellees.*

*Clifton & Singer, L.L.P., by Benjamin F. Clifton, Jr., for appellant.*

BRYANT, Judge.

Appellant Ed Bartley, third party purchaser for value at foreclosure sale, appeals judgment of the trial court setting aside the sale and vacating a foreclosure order. For the reasons stated herein, we vacate the order and remand for additional proceedings.

*Facts*

This matter concerns the purported foreclosure sale of lot 60 of the Hunters Creek Townhouses ("the property"). On 25 July 2007, Hunters Creek Townhouse Homeowners Association, Inc., ("HCTHA") filed a claim of lien against the property, alleging that appellees James C. and Jane O. Barbot, non-resident owners of the property at the time of the sale, were delinquent in their association dues. On 8 October 2007, HCTHA filed a notice of foreclosure hearing with the Clerk of Superior Court in Wake County. On 31 January 2008, the assistant clerk entered an order authorizing foreclosure, and on 30 May 2008, a final report and account of foreclosure sale was filed showing that the property had been sold to Bartley. HCTHA attempted to serve each relevant filing and document with the Barbots at the property's address, 4206 Sterlingworth Court in Raleigh. The evidence tended to show that the Barbots never lived at the property and that their legal address was 3909 Saint James Church Road in Raleigh. On 19 May 2008, the Barbots filed a motion to set aside the foreclosure sale and to vacate the foreclosure order based on lack of notice because all the relevant legal documents and filings were mailed to the property rather than to their mailing address. Bartley responded by filing a memorandum of law and affidavit on 30 July 2008. On 10 October 2008, the trial court vacated the sale and set aside the foreclosure order. Bartley appeals.

---

On appeal, Bartley contends the trial court erred in setting aside the foreclosure sale and vacating the foreclosure order on two grounds: (I) the Barbots failed to offer any evidence to support their motion, and (II) Bartley was an innocent purchaser for value without notice of any alleged defects in service of the foreclosure notice to the property owners. In addition, the Barbots move to dismiss this appeal for lack of standing.

*Analysis*

We begin by addressing the question of Bartley's standing in this matter. The Barbots have moved to dismiss this appeal on grounds that Bartley lacks standing to pursue same because he is not a party to this action. In response to the Barbots' motion, and in his second assignment of error, Bartley contends that he is a necessary party who should have been joined by the Barbots in their action to set aside the foreclosure sale, and that because he was not, the trial court

erred in failing to dismiss the motion to set aside. We agree that Bartley is a necessary party, and thus we vacate the trial court's order and deny the Barbots' motion to dismiss.

The record before this Court does not indicate that Bartley ever moved for joinder or was properly joined as a necessary party in the action to set aside the foreclosure sale. However, the record does reflect that he was 1) named in the Barbots' motion as the person to whom the property had been deeded, 2) served with the motion to dismiss, 3) noticed for the hearing on the motion, 3) allowed to obtain a continuance, the order for which refers to him as a "party in interest," 4) permitted to file an affidavit and a memorandum of law in the matter, and 5) charged with attorney fees and costs related to the continuance he obtained.

North Carolina Rule of Civil Procedure 19 governs the necessary joinder of parties and provides in pertinent part:

> (a) Necessary joinder.—Subject to the provisions of Rule 23, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason therefor being stated in the complaint; provided, however, in all cases of joint contracts, a claim may be asserted against all or any number of the persons making such contracts.

> (b) Joinder of parties not united in interest.—The court may determine any claim before it when it can do so without prejudice to the rights of any party or to the rights of others not before the court; but when a complete determination of such claim cannot be made without the presence of other parties, the court shall order such other parties summoned to appear in the action.

N.C. Gen. Stat. § 1A-1, Rule 19 (2009). "Necessary parties must be joined in an action." *Booker v. Everhart*, 294 N.C. 146, 156, 240 S.E.2d 360, 365 (1978). "[T]he necessary joinder rules of N.C.G.S. Sec. 1A-1, Rule 19 place a mandatory duty on the court to protect its own jurisdiction to enter valid and binding judgments." *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 16-17 362 S.E.2d 812, 822 (1987) (citations omitted). "When the absence of a necessary party is disclosed, the trial court should refuse to deal with the merits of the action until the necessary party is brought into the action." *White v. Pate*, 308 N.C. 759, 764, 304 S.E.2d 199, 202-03 (1983). "When there is

an absence of necessary parties, the trial court should correct the defect *ex mero motu* upon failure of a competent person to make a proper motion." *Rice v. Randolph*, 96 N.C. App. 112, 113, 384 S.E.2d 295, 297 (1989) (citing *White*, 308 N.C. at 764, 304 S.E.2d at 203); *see also Booker*, 294 N.C. at 156, 240 S.E.2d at 366 ("When a complete determination of the matter cannot be had without the presence of other parties, the court must cause them to be brought in."). "A judgment which is determinative of a claim arising in an action in which necessary parties have not been joined is null and void." *Rice*, 96 N.C. App. at 113, 384 S.E.2d at 297 (citing *Ludwig v. Hart*, 40 N.C. App. 188, 190, 252 S.E.2d 270, 272, *disc. review denied*, 297 N.C. 454, 256 S.E.2d 807 (1979)). Thus, if Bartley is a necessary party to the resolution of the instant matter, the trial court erred in failing to join him and its order setting aside the foreclosure sale is null and void.

"A 'necessary' party is one whose presence is required for a complete determination of the claim, and is one whose interest is such that no decree can be rendered without affecting the party." *Begley v. Employment Security Comm.*, 50 N.C. App. 432, 438, 274 S.E.2d 370, 375 (1981) (internal citation omitted); *see also Karner v. Roy White Flowers, Inc.*, 351 N.C. 433, 438-39, 527 S.E.2d 40, 44 (2000). Where the "relief sought by the plaintiff is to have [a] deed declared null and void[,] . . . . the court would have to have jurisdiction over the parties necessary to convey good title [including the equitable owner]." *Brown v. Miller*, 63 N.C. App. 694, 699, 306 S.E.2d 502, 505 (1983), *disc. review denied*, 310 N.C. 476, 312 S.E.2d 882 (1984). In *Goodson v. Goodson*, the Goodsons, who had owned the property at issue and were moving to set aside a judicial sale, had neglected to join as necessary parties the Freemans, who had purchased the property at the judicial sale without any actual or constructive knowledge of infirmity of title, just as Bartley contends he did here. 145 N.C. App. 356, 364, 551 S.E.2d 200, 206 (2001). "In order to declare the deed to [the property] null and void, the trial court needed jurisdiction over all of the current owners of the property, which it did not have." *Id.* (internal citation omitted). The same situation is presented in this case.

Bartley, record owner of the property who purchased it without notice of infirmity of title at a judicial sale, is a necessary party in the Barbots' motion to set aside the foreclosure sale. When both the Barbots and Bartley failed to move to join Bartley as a necessary party, the trial court should have intervened *ex mero motu* to ensure his joinder. The trial court having failed to do so, its order setting aside the sale is null and void.

**IN RE FORECLOSURE OF BARBOT**

[200 N.C. App. 316 (2009)]

We therefore vacate the order below and remand for further proceedings upon joinder of all necessary parties.

VACATED AND REMANDED.

Judges CALABRIA and ELMORE concur.