KATHERINE M. McCRAW ET AL., PLAINTIFFS v. GEORGE W. AUX, JR., INDIVIDUALLY, AND GEORGE W. AUX, JR. TRUST DATED NOVEMBER 8, 2006, DEFENDANTS

No. COA09-1238

(Filed 20 July 2010)

**Parties— failure to join necessary party—order vacated**

Plaintiffs' action to enforce protective covenants against defendants was vacated and remanded where plaintiffs' requested remedy was dependent upon determinations to be made by the Architectural Control Committee (Committee), making the Committee a necessary party to the action, but the Committee was not joined in the action.

Appeal by defendants from order entered 12 June 2009 by Judge Paul Ridgeway in Superior Court, Wake County. Heard in the Court of Appeals 10 February 2010.

*Jordan Price Wall Gray Jones & Carlton, by Brian S. Edlin, for plaintiff-appellees.*

*Pendergrass Law Firm, PLLC, by James K. Pendergrass, Jr., for defendant-appellants.*

STROUD, Judge.

Defendants appeal a summary judgment order which grants summary judgment in favor of plaintiffs. As a necessary party was not joined in this case, we vacate and remand the order.

## I. Background

Plaintiffs and defendants are homeowners within Crenshaw Manor Subdivision. On 23 October 2008, plaintiffs filed a verified complaint against defendants to enforce protective covenants. Plaintiffs alleged that the protective covenants of Crenshaw Manor Subdivision required that defendants apply to the Architectural Control Committee ("Committee") to get approval to change the existing roof on their home. Defendants did apply with the Committee to replace their cedar roof with a metal roof, and their request was denied. Defendants nonetheless had the metal roof installed on their house. Plaintiffs sued because defendants installed their roof in violation of the protective covenants. Plaintiffs requested a preliminary injunction and a permanent mandatory injunction, requiring, *inter alia*, that defendants remove the new non-compliant roof and replace it with a roof that does comply with the protective covenants.

On or about 19 March 2009, plaintiffs filed a motion for summary judgment. On 15 May 2009, plaintiffs filed an amended motion for summary judgment. On 12 June 2009, the trial court granted summary judgment in favor of plaintiffs. The trial court ordered defendants to apply to the Committee regarding modifying the roof at issue within thirty days. The trial court further ordered that if the Committee denied defendants' modification, defendants had sixty days from the Committee's decision to "restore the previous split western red cedar shake roof[.]" Defendants appeal.[1]

## II. Joinder

We first note that plaintiffs' requested remedy is dependent upon determinations to be made by the Committee, but the Committee is

---

1. Although the record contains assignments of error on behalf of plaintiffs, plaintiffs failed to file a notice of appeal. Due to our determination that a necessary party was not properly added, we do not address either plaintiffs' or defendants' contentions.

not a party to this suit. "[W]hen a complete determination of such claim cannot be made without the presence of other parties, the court shall order such other parties summoned to appear in the action." N.C. Gen. Stat. § 1A-1, Rule 19(b); *see Booker v. Everhart*, 294 N.C. 146, 156, 240 S.E.2d 360, 366 (1978) ("When a complete determination of the matter cannot be had without the presence of other parties, the court must cause them to be brought in." (citations omitted)). Even though the parties here have failed to address the need for the Committee to be a party, the trial court should have raised this issue *ex mero motu. See In re Foreclosure of a Lien by HCTCHA*, —— N.C. App. ——, ——, 683 S.E.2d 450, 453 (2009) ("When there is an absence of necessary parties, the trial court should correct the defect *ex mero motu* upon failure of a competent person to make a proper motion." (citation and quotation marks omitted)). Therefore, we must *ex mero motu* consider whether the Committee is a necessary party, because this issue affects the trial court's jurisdiction to enter a judgment and our review of it. *See id.* at ——, 683 S.E.2d at 452 ("The necessary joinder rules of N.C.G.S. Sec. 1A-1, Rule 19 place a mandatory duty on the court to protect its own jurisdiction to enter valid and binding judgments." (citation, brackets, and quotation marks omitted)); *Xiong v. Marks*, 193 N.C. App. 644, 652, 668 S.E.2d 594, 599 (2008) ("[A]n appellate court has the power to inquire into jurisdiction in a case before it at any time, even sua sponte." (citation omitted)); *see also Inland Greens HOA v. Dallas Harris Real Estate-Construction*, 127 N.C. App. 610, 613, 492 S.E.2d 359, 361 (1997) ("[O]ur Courts have held that notice and an opportunity to be heard are prerequisites of jurisdiction and jurisdiction is a prerequisite of a valid judgment." (citations, quotation marks, ellipses, and brackets omitted)).

Rule 19 of our Rules of Civil Procedure provides that "those who are united in interest must be joined as plaintiffs or defendants[.]" N.C. Gen. Stat. § 1A-1, Rule 19(a). "Necessary parties must be joined in an action." *In re Foreclosure of a Lien by HCTCHA* at ——, 683 S.E.2d at 452 (citation and quotation marks omitted). "A necessary party is one whose presence is required for a complete determination of the claim, and is one whose interest is such that no decree can be rendered without affecting the party." *Begley v. Employment Security Comm.*, 50 N.C. App. 432, 438, 274 S.E.2d 370, 375 (1981) (citations and quotation marks omitted). "[A] necessary party is one whose interest will be directly affected by the outcome of the litigation." *Id.* (citation and quotation marks omitted). "A person is united in interest [,pursuant to Rule 19 of the Rules of Civil Procedure,] with another party when that person's presence is necessary in order for

the court to determine the claim before it without prejudicing the rights of a party before it or the rights of others not before the court." *Ludwig v. Hart*, 40 N.C. App. 188, 190, 252 S.E.2d 270, 272 (quotation marks omitted), *disc. review denied*, 297 N.C. 454, 256 S.E.2d 807 (1979).

Here, the protective covenants provide:

4. There shall be an Architectural Control Committee that shall have full responsibility for regulating any requirement of these restrictive covenants. . . . no . . . structure shall be erected, altered, placed or allowed to remain on any premises in the subdivision unless approval in writing has been given by the Architectural Control Committee. . . .

5. The roof of each dwelling and its garage must be either cedar shake, cedar shingle, or stand-in-seam metal roofing of copper, tin or other metal material of similar quality, approved by the Architectural Control Committee. . . .

Thus, pursuant to the protective covenants plaintiffs are seeking to enforce, the Committee has "full responsibility for regulating any requirement of these restrictive covenants" and is the only entity that can "alter[], place[] or allow[ the roof] to remain[.]" In other words, any changes to be made to the newly-installed metal roof to bring it into compliance with the protective covenants must be approved by the Committee. As a practical matter, defendants cannot remove the roof from the home without first getting approval from the Committee for the new roof. We are unable to conceive of a way in which plaintiff could receive its requested remedy, removal of the non-compliant roof and replacement with a compliant roof, without the involvement and approval of the Committee. In fact, although the trial court failed to join the Committee as a party, it apparently recognized that the Committee's participation was necessary, as the order directs that

within thirty days (30) of this Order, *the Defendant[s] may apply to the Architectural Control Committee ("ACC")* for a plan on changing, painting or otherwise modifying the current metal Patina Green roof on the property at 1529 Crenshaw Point, Wake Forest, North Carolina 27587 ("Lot") so as to comply with the Protective Covenants recorded at book 4513, page 804 of the Wake County Register of Deeds. *The ACC shall be under no obligation to accept the proposed change to the current roof,*

*however, will in good faith consider any such proposed change by the Defendants.*

IT IS FURTHER ORDERED ADJUDGED AND DECREED that in the event the ACC does not approve the proposed plan from the Defendants on changing, painting or otherwise modifying the current metal Pa[]tina Green roof on the property, *after good faith deliberation by the ACC*, then the Defendants shall within sixty days (60) *of the ACC's decision*, remove the current roof on the property and restore the previous split western red cedar shake roof on the home on the Lot as prayed for in the Verified Complaint in this case.

(Emphasis added.) Thus the order itself notes that the Committee is a party "whose presence is required for a complete determination of the claim." *Begley* at 438, 274 S.E.2d at 375.

As the Committee was not joined as a party, the trial court should not have addressed the merits of the case and its judgment is "null and void." *Rice v. Randolph*, 96 N.C. App. 112, 113, 384 S.E.2d 295, 297 (1989) ("A judgment which is determinative of a claim arising in an action in which necessary parties have not been joined is null and void." (citation omitted)); *see White v. Pate*, 308 N.C. 759, 764, 304 S.E.2d 199, 202-03 (1983) ("When the absence of a necessary party is disclosed, the trial court should refuse to deal with the merits of the action until the necessary party is brought into the action." (footnote omitted)). As a necessary party was not properly joined we "refuse to deal with the merits of the action until the necessary party is brought into the action." *Id.* We therefore, vacate the trial court's order and remand this case for further proceedings after joinder of the Committee.

Although we are not addressing the substantive issues raised by the defendants, for purposes of guidance to the trial court on remand we note that defendants' brief argues that the Committee's "rights, privileges and obligations[,]" (original in all caps), were transferred to the Crenshaw Manor Homeowners Association, Inc. ("HOA"). If this were true, the HOA may also be a necessary party. Also, plaintiffs' prayer for relief in their verified complaint, the protective covenants, and the trial court order granting summary judgment all address only the authority and obligations of the Committee and not the HOA. On remand, the trial court should consider all of the evidence and arguments of the parties regarding necessary parties and should join any and all necessary parties. If the trial court should determine that the

HOA is also a necessary party, this opinion should not be construed as preventing its joinder.

### III. Conclusion

We vacate the trial court's judgment and remand for joinder of all necessary parties.

VACATED AND REMANDED.

Judges BRYANT and ELMORE concur.