IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-741

Filed 7 May 2024

Mecklenburg County, No. 19 CVD 18350

MYRA WENNINGER, Plaintiff,

v.

LEE ARTHUR WENNINGER, Defendant.

Appeal by defendant from judgment and order entered 30 December 2022, and orders entered 25 January 2023 and 2 March 2023, by Judge Jena P. Culler in Mecklenburg County District Court. Heard in the Court of Appeals 6 February 2024.

*Law Office of Thomas D. Bumgardner, PLLC, by Thomas D. Bumgardner, and Kennedy Law Associates, PLLC, by Marsha C. Kennedy, for plaintiff-appellee.*

*Myers Law Firm, PLLC, by R. Lee Myers, for defendant-appellant.*

ZACHARY, Judge.

Defendant Lee Arthur Wenninger ("Husband") appeals from (1) the trial court's judgment and order determining the issues of equitable distribution, alimony, and attorney's fees ("the Equitable Distribution Order"); (2) the trial court's order denying his motion to add the Myra Louise Wenninger Revocable Trust ("the Trust") as a necessary party to the action; and (3) the trial court's order denying his Rule 60(b) motion for relief from the Equitable Distribution Order. After careful review, we vacate and remand.

## I.    Background

Husband and Plaintiff Myra Wenninger ("Wife") were married in 2006, separated in 2019, and divorced in 2021. One child was born of the marriage.

On 18 September 2019, Wife initiated this action by filing a complaint for, *inter alia*, child custody, child support, alimony, equitable distribution, and attorney's fees. On 27 December 2019, Husband filed an answer and counterclaim for, *inter alia*, child custody, child support, equitable distribution, alimony, and attorney's fees. Husband and Wife filed equitable distribution affidavits on 24 January and 4 February 2020, respectively, and Wife filed a reply on 4 February 2020. On 17 May 2021, the trial court entered an order resolving the parties' claims for child custody and child support.[1]

On 25 April 2022, the trial court entered a final pretrial order containing the parties' stipulations and allegations as to whether certain items of property were marital or separate and, in some instances, proposed distributions. Among the items addressed by the parties were three bank accounts and one car that the parties agreed were titled to the Trust ("the Trust Property").[2] The parties stipulated that two of the bank accounts were marital property and should be distributed to Wife, but disputed the classification and distribution of the third bank account and the car, leaving those

---

[1] The child custody and support order is not included in the record, but there appears to be no dispute that these claims were resolved and are not at issue in the present appeal.

[2] No competent evidence was presented below regarding the trustees or beneficiaries of the Trust.

determinations for the trial court.

That same day, the issues of equitable distribution, alimony, and attorney's fees came on for hearing in Mecklenburg County District Court. Following the trial, on 20 July 2022, the trial court rendered its ruling in open court. When the trial court reached the Trust Property, it announced: "I've got a curve ball for y'all." The trial court determined that because the Trust Property was "not owned by the parties on the date of separation" but rather was owned by the Trust, which was "not a party to this lawsuit[,]" the court could not distribute any items of the Trust Property. However, the trial court considered that "[s]ome assets are in trust" in making its unequal distribution in favor of Wife.

On 4 November 2022, Husband filed a motion to join the Trust as a necessary party to the equitable distribution action, pursuant to N.C. Gen. Stat. § 1A-1, Rule 19.

On 30 December 2022, the trial court entered the Equitable Distribution Order, in which it restated its earlier ruling, including its determination that it could not distribute the Trust Property because the Trust was not a party to the action. The trial court ordered an unequal distribution of the net marital estate, awarding 60% to Wife and 40% to Husband.

On 24 January 2023, Husband filed a motion for relief from the Equitable Distribution Order, pursuant to N.C. Gen. Stat. § 1A-1, Rule 60. Husband raised several arguments in his Rule 60 motion, including that the trial court incorrectly

concluded that the Trust Property "could not be considered an asset of the marriage as it was not owned by the parties on the date of separation" and that the trial court's failure to join the Trust as a necessary party rendered the Equitable Distribution Order void.

The following day, the trial court entered its order denying Husband's Rule 19 motion ("the Rule 19 Order"). The trial court found as fact that it "rendered its verdict on July 20, 2022[,]" that neither Husband nor Wife "timely moved to join [the Trust] at any time prior to the verdict on the parties' respective claims for equitable distribution[,]" and that Husband filed his Rule 19 motion "over three months after the verdict was rendered by the [c]ourt." Accordingly, the trial court concluded that "Defendant failed to raise the defense of failure to join a necessary party prior to the verdict and such a defense cannot be raised after the verdict" and that "it is otherwise untimely to request a party be added."

On 27 January 2023, Husband timely filed notice of appeal from the Equitable Distribution Order.[3] On 6 February 2023, Husband amended his Rule 60 motion to include the Rule 19 Order as an exhibit. On 9 February 2023, Wife filed a response to Husband's Rule 60 motion, as well as a motion for sanctions. On 20 February 2023, Husband timely filed notice of appeal from the Rule 19 Order.

---

[3] Wife also filed timely notice of appeal; however, she does not raise any challenge to the Equitable Distribution Order and states in her appellate brief that she "withdraws her notice of appeal." *See* N.C.R. App. P. 37(e).

On 2 March 2023, the trial court entered its order denying Husband's Rule 60 motion ("the Rule 60 Order"). Husband timely filed notice of appeal from the Rule 60 Order on 15 March 2023.

## II.    Discussion

Husband raises several arguments on appeal, of which the dispositive argument is that the trial court erred by failing to add the Trust as a necessary party to the equitable distribution action. Because we agree with Husband on this dispositive issue, we need not reach the other issues he raises.

### A. Standard of Review

"The standard of review on appeal from a judgment entered after a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." *Nicks v. Nicks*, 241 N.C. App. 487, 495, 774 S.E.2d 365, 372 (2015) (cleaned up). "By contrast," this Court reviews de novo "conclusions of law drawn by the trial court from its findings of fact[.]" *Brown v. Brown*, 288 N.C. App. 509, 516, 886 S.E.2d 656, 662 (2023) (citation omitted).

### B. Analysis

Rule 19 of the North Carolina Rules of Civil Procedure governs the necessary joinder of parties and provides, in pertinent part:

> (a) Necessary joinder. -- Subject to the provisions of Rule 23, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who

should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason therefor being stated in the complaint; provided, however, in all cases of joint contracts, a claim may be asserted against all or any number of the persons making such contracts.

(b) Joinder of parties not united in interest. -- The court may determine any claim before it when it can do so without prejudice to the rights of any party or to the rights of others not before the court; but *when a complete determination of such claim cannot be made without the presence of other parties, the court shall order such other parties summoned to appear in the action.*

N.C. Gen. Stat. § 1A-1, Rule 19(a)–(b) (2023) (emphasis added).

Our appellate courts have long recognized the distinction, for the purposes of joinder, between necessary and proper parties. "A necessary party is a party that is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without its presence as a party." *Geoghagan v. Geoghagan*, 254 N.C. App. 247, 249, 803 S.E.2d 172, 175 (cleaned up), *disc. review denied*, 370 N.C. 277, 805 S.E.2d 492 (2017). "This Court has also described a necessary party as one whose interest will be directly affected by the outcome of the litigation." *Id.* (cleaned up).

On the other hand, a proper party is "a party who has an interest in the controversy or subject matter which is separable from the interest of the other parties before the court, so that it may, but will not necessarily, be affected by a decree or judgment which does complete justice between the other parties." *Karner v. Roy White Flowers, Inc.*, 351 N.C. 433, 439, 527 S.E.2d 40, 44 (2000) (citation omitted).

Although the trial court has discretion as to whether to add a proper party, the trial court has no discretion as to whether to add a necessary party. "Necessary parties *must* be joined in an action. Proper parties *may* be joined." *Id.* at 438, 527 S.E.2d at 44 (emphases added) (citation omitted). "When the absence of a necessary party is disclosed, the trial court should refuse to deal with the merits of the action until the necessary party is brought into the action." *White v. Pate*, 308 N.C. 759, 764, 304 S.E.2d 199, 202–03 (1983) (footnote omitted). "Any such defect should be corrected by the trial court *ex mero motu* in the absence of a proper motion by a competent person." *Id.* at 764, 304 S.E.2d at 203.

This Court has explained that Rule 19's "necessary joinder rules . . . place a mandatory duty on the [trial] court to protect its own jurisdiction to enter valid and binding judgments." *In re Foreclosure of a Lien by Hunters Creek Townhouse Homeowners Ass'n*, 200 N.C. App. 316, 318, 683 S.E.2d 450, 452 (2009) (citation omitted). "A judgment which is determinative of a claim arising in an action in which necessary parties have not been joined is null and void." *Id.* at 319, 683 S.E.2d at 453 (citation omitted). "Thus, if [the Trust] is a necessary party to the resolution of the instant matter, the trial court erred in failing to join [the Trust] and its [Equitable Distribution O]rder . . . is null and void." *Id.*

In this case, the trial court relied upon this Court's decision in *Nicks* to support its conclusion that it lacked jurisdiction to distribute the Trust Property. In *Nicks*, the trial court concluded that an LLC was marital property when, in fact, it was

owned entirely by a trust rather than either spouse. 241 N.C. App. at 495, 774 S.E.2d at 372. The *Nicks* Court recognized that "when a third party holds legal title to property which is claimed to be marital property, that third party is a necessary party to the equitable distribution proceeding, with [the third party's] participation limited to the issue of the ownership of that property." *Id.* (citation omitted).

Consistent with *Nicks*, the trial court here appropriately recognized that the Trust was a necessary party to the equitable distribution action. Because the parties stipulated that the Trust held title to the Trust Property, the Trust was "a necessary party to the equitable distribution proceeding," and the trial court correctly concluded that it would not have jurisdiction to distribute the Trust Property without the Trust being made a party to the proceeding. *Id.* (citation omitted).

Nevertheless, despite the trial court's apt recognition that the Trust was a necessary party, the trial court erred as a matter of law by failing to join the Trust *ex mero motu* as a necessary party to the equitable distribution action. Pursuant to Rule 19, the trial court has a "*mandatory duty . . .* to protect its own jurisdiction to enter valid and binding judgments." *Hunters Creek*, 200 N.C. App. at 318, 683 S.E.2d at 452 (emphasis added) (citation omitted). However, this mandatory duty does not absolve the trial court of its equally mandatory duty to classify and distribute property that all parties agree is subject to equitable distribution. *See* N.C. Gen. Stat. § 1A-1, Rule 19(b) ("[W]hen a complete determination of such claim cannot be made without the presence of other parties, the court *shall* order such other parties

summoned to appear in the action." (emphasis added)).

Again, *Nicks* is instructive. The *Nicks* Court vacated the equitable distribution judgment and remanded the case because the trial court had inappropriately classified and distributed as marital property an LLC held in trust; notably, however, this disposition did not preclude the trial court from properly classifying and distributing the same property—the LLC held in trust—on remand. Rather, the *Nicks* Court repeatedly indicated that the proper procedure on remand would be to join the trust as a necessary party and resolve the equitable distribution accordingly. *See Nicks*, 241 N.C. App. at 499, 774 S.E.2d at 375 ("[O]ur decision to remand this case based on the failure to join the [t]rust as a necessary party necessarily vacates the trial court's valuation of [the LLC, and] provides ample opportunity for a proper de novo valuation of [the LLC] *once the* [*t*]*rust is properly joined as a necessary party . . . .*" (emphasis added)); *see also id.* at 500, 774 S.E.2d at 375 ("In short, it is clear from the record that *once the* [*t*]*rust*—which holds legal title to [the LLC] and the marital assets therein—*is joined as a necessary party to this action*, [the wife] will have a strong claim for the imposition of a constructive trust." (emphases added)).

Because the Trust was not joined as a necessary party, the Equitable Distribution Order "is null and void." *Hunters Creek*, 200 N.C. App. at 319, 683 S.E.2d at 453 (citation omitted). We therefore vacate the Equitable Distribution Order. In light of our disposition, we necessarily also vacate the Rule 19 Order and the Rule 60 Order. Consequently, we need not reach Husband's remaining arguments.

### III.    Conclusion

For the foregoing reasons, the Equitable Distribution Order, the Rule 19 Order, and the Rule 60 Order are vacated, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

VACATED AND REMANDED.

Chief Judge DILLON and Judge FLOOD concur.